**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HEATHER CHAMBERLIN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP<br><br>Defendant. | 1:15-cv-02361 (JBS) (AMD)<br><br>The Hon. Jerome B. Simandle |

# ~~[PROPOSED]~~ ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Heather Chamberlin ("Plaintiff" or "Class Representative"), and Mullooly, Jeffrey, Rooney & Flynn, LLP ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement), and upon the proceedings held before the Court on February 5, 2016 in connection with Plaintiff's Unopposed Motion for

Preliminary Approval of Class Action Settlement;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held at **10:00 a.m.** on **June 1, 2016**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant will cause to be served written Notice of the proposed class settlement on the United States Attorney General and the Attorney General of the State of New Jersey.

3. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> (a) All persons with a New Jersey address, (b) to whom Mullooly, Jeffrey, Rooney & Flynn, LLP mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) between April 3, 2014 and April 3, 2015, (d) in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

4. Defendant represents that there are 468 Class Members, including Plaintiff.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court appoints Plaintiff Heather Chamberlin as the Class Representative. The Court also appoints Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel.

6. **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class

Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the strength of Plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the opinion of competent counsel; and (4) the stage of the proceedings and the discovery completed.

8. **ADMINISTRATION** – A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All costs of administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the

recommendation of the parties, the Court hereby appoints the following class administrator: A.B. Data, Ltd.

9. **WRITTEN NOTICE** – The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit A. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 20 days after the Court's entry of this order, *i.e.*, **no later than February 29, 2016**. The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

10. **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 60 days after the Court's entry of this order, *i.e.*, **no later than April 18, 2016**. To be effective, the written request for exclusion must state the

Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

11. **OBJECTIONS** – Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, *i.e.*, **no later than April 18, 2016**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Mitchell L. Williamson, Pressler and Pressler LLP, 7 Entin Road, Parsippany, NJ 07054.

12. To be effective, a notice of intent to object to the Settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number and signature of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

(d) Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail,

postmarked no later than 60 days after the Court preliminarily approves the settlement;

(e) Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the District of New Jersey; and

(f) Contain a statement of the specific basis for each objection.

13. Any Class Member who has timely filed an objection may appear at the Settlement Approval Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on the application for an award of attorneys' fees and costs.

14. **<u>SETTLEMENT PAYMENTS</u>** – The class administrator will mail a settlement check to each Class Member who does not exclude himself or herself from the Class. Each Class Member will receive a pro-rata portion of the $5,910.00 common fund, in the amount of no less than $12.62 per Class Member.

15. **<u>PAYMENT TO CLASS REPRESENTATIVE</u>** – Defendant will pay to the Class Representative the sum of $1,000 as statutory damages pursuant to the FDCPA, and an additional $500 in recognition of her services as Class Representative, for a total sum to Class Representative of $1,500.

16. **FINAL APPROVAL** – The Court will conduct a hearing on **June 1, 2016** at **10:00 a.m.** at the United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

17. Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

18. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 28 days prior to the Final Approval Hearing, *i.e.*, **no later than May 4, 2016**. Opposition briefs to any of the foregoing must be filed no later than 14 days prior to the Final Approving hearing, *i.e.*, **no later than May 18, 2016**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days prior to the Final Approval Hearing, *i.e.*, **no later than May 25, 2016.**

19. The Settlement Agreement and this Order will be null and void if any of the following occur:

A. The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

C. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is

reversed on appeal and such reversal becomes final by lapse of time or otherwise.

20. If the Settlement Agreement and/or this order are voided per ¶ 19 of this order, then the Settlement Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

21. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

22. The Court sets the following schedule:

| **Date** | **Event** |
|---|---|
| 2/8/16 | Preliminary Approval Order Entered |
| 2/29/16 | Notice Sent (20 days after entry of Preliminary Approval Order) |
| 4/18/16 | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| 5/4/16 | Motion for Final Approval and Attorney Fees Papers Filed (28 days before Final Approval Hearing) |
| 5/18/16 | Opposition to Motion for Final Approval and Attorney Fees Papers (14 days before Final Approval Hearing) |
| 5/25/16 | Reply in support of Motion for Final Approval and Attorney Fees Papers (7 days before Final Approval Hearing) |

6/1/16 Final Approval Hearing Held

IT IS SO ORDERED.

Dated: February 9, 2016

Jerome B Simandle

The Honorable Jerome B. Simandle
Chief United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**You may benefit from this class action settlement.**

**You are <u>not</u> being sued.**

**If you received a debt collection letter from Mullooly, Jeffrey, Rooney & Flynn, LLP between April 3, 2014 and April 3, 2015, you may benefit from the settlement of this class action lawsuit.**

*This case is titled* Heather Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP
*Case No. 1:15-cv-02361(JBS)(AMD)*

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | If you have received a debt collection communication from Mullooly, Jeffrey, Rooney & Flynn, LLP in the mail that stated, "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," between April 3, 2014 and April 3, 2015, in connection with the collection of a consumer debt on behalf of Bank of America, N.A., you will receive a cash payment as explained in Section No. 6 below. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them—are explained below.**

## 1. Why did I get this notice?

Plaintiff, Heather Chamberlin ("Plaintiff"), filed a class action lawsuit alleging that defendant, Mullooly, Jeffrey, Rooney & Flynn, LLP ("Defendant"), violated the Fair Debt Collection Practices Act ("FDCPA" or "the Law") by failing to inform Plaintiff that Defendant need only have mailed verification of Plaintiff's alleged debt, or a copy of the judgment, to her if she disputed

the debt, in writing. Defendant denies that its conduct violated the Law. You received this notice because you have been identified from the Defendant's records as a person to whom Defendant mailed an initial debt collection letter during the relevant time period.

## 2. What is this lawsuit about?

In this lawsuit, Plaintiff claimed that Defendant violated the FDCPA by failing to inform Plaintiff that Defendant need only have mailed verification of Plaintiff's alleged debt, or a copy of the judgment, to her if she disputed the debt, in writing. Defendant denies that its conduct violated the Law and has asserted affirmative defenses to Plaintiff's claim, including that any violation was unintentional and the result of a bona fide error.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Heather Chamberlin) sue on behalf of a group (or a "Class") of people who have similar claims.

## 4. Why is there a settlement?

In order to avoid the cost, risk, delay of litigation and uncertainty of trial the parties agreed to settle. Plaintiff and Class Counsel believe the settlement is fair, reasonable, and adequate.

## 5. How do I know if I am part of the settlement?

The Court has decided that everyone falling under the following definition is a Class Member:

> (a) All persons with a New Jersey address to whom Mullooly, Jeffrey, Rooney & Flynn, LLP mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (b) between April 3, 2014 and April 3, 2015, (c) in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

You have been identified as a member of this Class. There are approximately 468 persons in the Class.

**YOUR BENEFITS UNDER THE SETTLEMENT**

## 6. What can I get from the settlement?

Approximately $12.62 cash payment.

## 7. When will I receive these benefits?

You will receive these benefits approximately fifty (50) days after the settlement has been approved.

## 8. I want to be a part of the settlement and receive these benefits. What do I do?

You do not have to do anything in order to receive these benefits.

## 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you can't sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit.

## 10. How much will the Class Representative receive?

The Defendant has agreed to pay up to $1,500.00 to Plaintiff in the settlement of her individual claims and for serving as the Class Representative.

This is subject to the Court's approval.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to get out of the Class. This is called excluding yourself.

## 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Heather Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 1:15-cv-02361(JBS)(AMD). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than April 18, 2016**, and sent to both of the following addresses:

| | |
|---|---|
| Jesse S. Johnson<br>Greenwald Davidson Radbil PLLC<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431 | Mitchell L. Williamson<br>Pressler and Pressler LLP<br>7 Entin Road<br>Parsippany, NJ 07054 |

Be sure to include the name and number of the case.

### 12. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case, but you will have the right to sue Defendant over the claims raised in this case on your own in a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has named the law firm of Greenwald Davidson Radbil PLLC as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **April 18, 2016**.

### 14. How will the lawyers be paid?

Class Counsel, Greenwald Davidson Radbil PLLC, will ask the Court for attorneys' fees and expenses of no more than $35,000.00. You will not be charged by these lawyers; however, they will receive a payment from the Defendant in an amount of $35,000.00 or less, if that amount is approved by the Court. The Court will make this determination at the fairness hearing.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members, and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or a class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful. No actual damages were sought in this case on behalf of the class.

In this case, Defendant's book value net worth is approximately $711,000.00, and one percent of that net worth is $7,110.00. Because the settlement amount of $5,910.00 nearly matches one percent of Defendant's net worth, Class Counsel believes this settlement is favorable to Class Members.

In light of the violations alleged, and the damages allowed under the Law, Class Counsel believes this is a fair settlement.

### 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Defendant is not admitting that it has done anything wrong. Defendant expressly denies the claims asserted by Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

### 17. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must submit your objection to the Clerk of Court, U.S. District Court for the District of New Jersey, P.O. Box 2797, Camden, New Jersey 08101-2797, by **April 18, 2016**, stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Heather Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, Case No. 1:15-cv-02361(JBS)(AMD), your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 19).

In addition to filing your objection with the Court, you must also mail your written objection so that it is postmarked no later than **April 18, 2016** to both of the following addresses:

Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431

Mitchell L. Williamson
Pressler and Pressler LLP
7 Entin Road
Parsippany, NJ 07054

Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

### 18. Where and when is the fairness hearing?

The Honorable Jerome B. Simandle, Chief Judge of the U.S. District Court for the District of New Jersey, will hold a fairness hearing on **June 1, 2016** at **10:00 a.m.** in **Courtroom 4A, United States Courthouse, 4th & Cooper Streets, Camden, New Jersey**. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the Class, and to determine the appropriate amount of compensation for Class Counsel. At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

## GETTING MORE INFORMATION

### 19. How do I get more information?

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed with the Court, including the class action settlement agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the District of New Jersey.

**Please do not call the Judge about this case.** *Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, Defendant's attorneys do not represent you and cannot give you legal advice.*

Separately, you can call Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431, the firm representing the class, at (561) 826-5477 if you have any questions. Before doing so, please read this full notice carefully. You can also send an email to jjohnson@gdrlawfirm.com or obtain information through Class Counsel's website at www.gdrlawfirm.com.

### 20. What if I have a new address?

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should notify the class administrator of your new address by writing to:

A.B. Data, Ltd.
600 A.B. Data Drive
Milwaukee, WI 53217

DO NOT CONTACT THE COURT REGARDING THIS NOTICE.