## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEATHER CHAMBERLIN, *ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED*, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 15-2361 (JBS/AMD) |
| v. | |
| MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP, | |
| Defendant. | |

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court at a final hearing on June 2, 2016, upon (a) Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Docket Item 39], and (b) Plaintiff's Motion for Approval of an Incentive Award and an Award of Attorney's Fees and Reimbursements of Expenses [Docket Item 40], the Plaintiff and Plaintiff Class appearing through Jesse S. Johnson (pro hac vice) and the Defendant appearing through Mitchell L. Williamson, Esq.; and

The Court finding, for good cause shown under Rule 23(e), Fed. R. Civ. P., for reasons state in the Court's Oral Opinion of June 2, 2016, as follows:

On December 21, 2015, Heather Chamberlin ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed settlement.

On January 28, 2016, Defendant served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 on the United States Attorney General and the Attorneys General of California, Florida, Maryland, North Carolina, New Jersey, New York, Pennsylvania, and Texas.

On February 9, 2016, this Court preliminarily approved the parties' proposed settlement.

On February 29, 2016, A.B. Data, Ltd. distributed notice of the parties' proposed class settlement, as ordered.

On May 4, 2016, Plaintiff filed her unopposed motion to finally approve the parties' proposed settlement.

On June 2, 2016, this Court held a fairness hearing regarding Plaintiff's and Defendant's proposed settlement.

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court further certifies the following class, for settlement purposes, under Federal Rule of Civil Procedure 23:

(a) All persons with a New Jersey address, (b) to whom Mullooly, Jeffrey, Rooney & Flynn, LLP mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof,

2

is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) between April 3, 2014 and April 3, 2015, (d) in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

This Court finds that this matter meets the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court also appoints Heather Chamberlin as class representative, and the following attorney and law firm as Class Counsel:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, Florida 33431

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will pay to Ms. Chamberlin $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), and an additional $500 for her service to the class,

for a total sum of $1,500.

2. Defendant will create a common fund in the amount of $5,910, which will be distributed on a pro-rata basis to each of the 468 class members, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

3. Defendant will pay the costs of notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, or Class Counsel.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement.

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members.

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class members objected to the settlement, and none made valid and timely requests for exclusion.

4

This order is binding on all class members.

This Court approves the individual and class releases set forth in the class action settlement agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

The Court awards a total of **$30,000** for Class Counsel's costs, expenses, and attorneys' fees.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED**.

Dated:  **June 2, 2016**

          *s/ Jerome B. Simandle*
          JEROME B. SIMANDLE
          Chief U.S. District Judge